MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

*(additional counsel listed below)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and ROBERT LUNA, in his official capacity as Sheriff of Los Angeles County,<br><br>         Defendants. | Case No. 2:25-cv-09323-SPG-ADS<br><br>**DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Los Angeles County Sheriff's Department ("LASD") and Sheriff Robert Luna (collectively referred to as "Defendants") submit this answer in response to Plaintiff's Complaint (the "Complaint") (Dkt. No. 1). Defendants hereby answer the Complaint in paragraphs that correspond to the Complaint's paragraphs, as follows.

1. Defendants deny the allegations in Paragraph 1.
2. Defendants deny the allegations in Paragraph 2.
3. Defendants deny the allegations in Paragraph 3.
4. Defendants deny the allegations in Paragraph 4.
5. Defendants admit that the quoted language in Paragraph 5 appears in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), which decision speaks for itself. Defendants otherwise deny the allegations in Paragraph 5.
6. Defendants admit that Plaintiff purports to bring this action under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601. Defendants otherwise deny the allegations in Paragraph 6.
7. Defendants admit that Plaintiff in this case is the United States of America.
8. Defendant LASD admits that it is Los Angeles County's Sheriff's Department and the chief law enforcement agency responsible for Los Angeles County. Cal. Penal Code § 26150(a) speaks for itself. To the extent Paragraph 8's allegations purport to characterize or describe that provision, Defendants deny them. Defendants otherwise deny the allegations in Paragraph 8.
9. Defendants admit that Defendant Robert Luna is the Sheriff of Los Angeles County and that he has held that position since on or about December 3, 2022. Cal. Penal Code § 26150(a) speaks for itself. To the extent Paragraph 9's

allegations purport to characterize or describe that provision, Defendants deny them.  Defendants otherwise deny the allegations in Paragraph 9.

10.  Paragraph 10 contains legal conclusions to which no response is required.

11.  Paragraph 11 contains legal conclusions to which no response is required.

12.  Paragraph 12 contains legal conclusions to which no response is required.

13.  Paragraph 13 contains legal conclusions to which no response is required.

14.  Paragraph 14 contains legal conclusions to which no response is required.

15.  Paragraph 15 contains legal conclusions to which no response is required.

16.  Paragraph 16 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants state that Cal. Penal Code § 26150(a) speaks for itself.  To the extent Paragraph 16's allegations mischaracterize or incorrectly describe that provision, Defendants deny them.

17.  Paragraph 17 contains legal conclusions to which no response is required.

18.  Paragraph 18 contains legal conclusions to which no response is required.

19.  Defendants admit that Defendant Luna received a letter dated March 27, 2025, from the United States Department of Justice notifying him of the opening of an investigation related to concealed carry weapons permitting. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and therefore deny them.

20. Defendants admit that LASD, through its counsel, provided information and documents to the Department responsive to the Department's requests. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants hereby re-allege and incorporate by reference their answers in the foregoing paragraphs as if set forth fully herein.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that 34 U.S.C. § 12601 speaks for itself. To the extent Paragraph 28's allegations mischaracterize or incorrectly describe that provision, Defendants deny them.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that the Second Amendment to the United States Constitution and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), speak for themselves. To the extent Paragraph 29's allegations mischaracterize or incorrectly describe them, Defendants deny them.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that the Second Amendment to the United States Constitution and *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), speak for themselves. To the extent the allegations of Paragraph 29 mischaracterize or incorrectly describe them, Defendants deny them.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that Cal. Penal Code §26202(d) speaks for itself. To the extent that the allegations of Paragraph 31 mischaracterize or incorrectly describe that provision, Defendants deny them.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants state that 34 U.S.C. § 2601(a) speaks for itself. To the extent that the allegations of Paragraph 31 mischaracterize or incorrectly describe that provision, Defendants deny them.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Plaintiff prays that the Court grant the relief set out in Paragraph 36. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing responses to the allegations in the Complaint, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiff, Defendants assert the following defenses based on information and belief. By asserting the following defenses, Defendants do not knowingly or intentionally waive any additional defense and reserve the right to amend this answer and these defenses. Defendants further reserve the right to assert and rely upon other defenses as may later become available or apparent.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. This Court lacks subject matter jurisdiction to the extent Plaintiff seeks prospective relief to remedy a past injury. Plaintiff has no right to retrospective injunctive or declaratory relief for any alleged past violations of federal law.

3. This Court lacks subject matter jurisdiction to the extent Plaintiff seeks relief that encroaches upon those activities traditionally left to state control and discretion in violation of the Tenth Amendment and in violation of traditional limits on federalism.

4. Plaintiff's claims are barred by consent.

5. Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

6. Defendants acted at all times in good faith and on reasonable grounds.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Defendants demand a trial by jury on all issues so triable.

DATED: December 29, 2025

Respectfully submitted,
/s/ Mark Selwyn
MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

RYAN CHABOT (*pro hac vice forthcoming*)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP

7 World Trade Center
250 Greenwich Street
New York, NY 1007
Telephone: (212) 25-6513
Facsimile: (212) 230-8888

JOSHUA VITTOR (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5375
Facsimile: (213) 443-5400