HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
JESUS A. OSETE
Principal Deputy Assistant Attorney General
R. JONAS GEISSLER
Deputy Assistant Attorney General
ANDREW M. DARLINGTON (FL No. 1018895)
Counsel
WILLIAM J. HANRAHAN (PA No. 321600)
Trial Attorney, Special Litigation Section
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530
   Telephone: (202) 550-5305
   E-Mail: andrew.darlington@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney

   United States Attorney's Office
   300 North Los Angeles Street, Suite 7516
   Los Angeles, California 90012
   Telephone: (213) 894-2464
   E-Mail: Julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and ROBERT LUNA, in his official capacity as Sheriff of Los Angeles County,<br><br>       Defendants. | Case No. 2:25-cv-09323-SPG-ADS<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT FOR MANDATORY SCHEDULING CONFERENCE OF JANUARY 28, 2026**<br><br>**Judge:** Hon. Sherilyn Peace Garnett<br>**Complaint filed:** September 30, 2025<br>**Answer filed:** December 29, 2025<br>**Proposed trial date:** January 26, 2027 |

1  Under Federal Rule of Civil Procedure 26(f) and this Court's December 30, 2025, Order (ECF No. 19), counsel conferred on January 7, 2026. The Parties submit the following Joint Rule 26(f) Report.

### 1. Statement of the Case

On September 30, 2025, Plaintiff United States of America filed suit under 34 U.S.C. § 12601 alleging that the Los Angeles County Sheriff's Department ("LASD") and Los Angeles County Sheriff Robert Luna (collectively "Defendants"), who are responsible under California for issuing licenses required under California law for ordinary citizens to carry firearms outside their homes, have unreasonably delayed decisions on thousands of applications for concealed carry of a weapon. In particular, Plaintiff alleged that, as of May 8, 2025, LASD had adjudicated only four of 3,982 new applications for a license to carry a concealed firearm that they received between January 2, 2024, and March 31, 2025. Compl. 6 ¶ 23, Dkt. No. 1.

On December 29, 2025, Defendants filed an Answer denying Plaintiff's allegations and raising what they purport are several affirmative defenses, including assertions that Plaintiff fails to state a claim upon which relief may be granted; Plaintiff has no right to retrospective injunctive or declaratory relief for any alleged past violations of federal law; Plaintiff's claims are barred by consent; Plaintiffs claims are barred by equitable estoppel, unclean hands, or waiver; and Defendants acted at all times on good faith and on reasonable grounds.

### 2. Subject Matter Jurisdiction

Plaintiffs assert the Court has subject matter jurisdiction over this action because it arises wholly under federal law, namely 34 U.S.C. § 12601 and the Second and Fourteenth Amendments of the United States Constitution. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court also has subject matter jurisdiction because the United States commenced this suit. *See* 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original

jurisdiction of all civil actions, suits or proceedings commenced by the United States….").

Defendants reserve the right to dispute the Court's subject matter jurisdiction to the extent that Plaintiff seeks prospective relief to remedy a past injury, since Plaintiff has no right to retrospective injunctive or declaratory relief for any alleged past violations of federal law, and jurisdiction over Plaintiff's claims to the extent Plaintiff seeks relief that encroaches upon those activities traditionally left to state control and discretion in violation of the Tenth Amendment and in violation of traditional limits on federalism.

**3. Legal Issues**

Plaintiff believes that this case involves a straightforward application of the Supreme Court's *New York State Rifle & Pistol Association, Inc*. v. *Bruen* decision to determine whether LASD's pattern or practice of lengthy delays in issuing licenses California requires for ordinary citizens to exercise their Second Amendment rights to bear arms outside the home are Constitutionally permissible. Plaintiff contends that such delays are the kind of "lengthy wait times in processing license applications" that the Supreme Court in *Bruen* explicitly noted are subject to constitutional challenges as a "permitting scheme … be[ing] put toward abusive ends." *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 39 n.9 (2022). Since law-abiding citizens carrying a concealed firearm outside the home for lawful purposes is conduct that the plain text of the Second Amendment covers, Defendants have the burden to show that LASD's lengthy delays as the licensing authority processing licenses to carry a firearm—during which ordinary, law-abiding citizens are deprived of the ability to lawfully carry a firearm—are "consistent with this Nation's historical tradition of firearm regulation." *See id*. at 17. Plaintiff contends that Defendants will be unable to show that routinely delaying adjudication of licenses to carry a firearm for over a year while denying applicants the ability to lawfully carry a weapon outside the home without a license has a sufficient historical basis to justify such practice. Therefore, Plaintiff

contends that, since LASD is a law enforcement agency, Defendants' pattern or practice of imposing unconstitutional delays violates 34 U.S.C. § 12601(a).

Defendants contend that the Court must also determine whether Plaintiff has a right to retrospective injunctive or declaratory relief for any alleged past violations of federal law; whether the relief sought encroaches upon those activities traditionally left to state control and discretion in violation of the Tenth Amendment and in violation of traditional limits on federalism; whether the Second Amendment's plain text covers the course of conduct underlying Plaintiff's claims and, if so, whether Defendants have presented sufficient historical support for their laws, policies, or practices; whether alleged delay in processing applications for CCW licenses constitutes a Second Amendment violation despite Defendants' good-faith and reasonable efforts to process applications; whether Defendants' conduct constitutes "a pattern or practice" under 34 U.S.C. § 12601(a); and whether Plaintiff's claims are barred by consent or by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

**4. Parties, Evidence, etc.**

The parties are Plaintiff United States of America and Defendants Los Angeles County Sheriff's Department and Los Angeles County Sheriff Robert Luna, in his official capacity.

　　　　a. *Plaintiff's witnesses*

Plaintiff's witnesses will include, but are not limited to, individual applicants for a license to carry a concealed firearm, former Los Angeles County Sheriff's Department officers with familiarity and personal knowledge of the licensing process, Sheriff Robert Luna, and at least one expert witness to be used during the plaintiff's burden or as rebuttal to the Defendants' case.

　　　　b. *Plaintiff's Key Documents*

While there are likely additional key documents that may become discoverable, Plaintiff anticipates the key documents will include documents related to LASD's license

to carry firearms application process and the timing of various steps in that process, correspondence with applicants, and staffing levels of LASD's licensing operation. Plaintiffs may also include documents concerning the lack of historic tradition in this country of unreasonably delaying issuance of concealed carry licenses.

    c. *Defendant's Witnesses*

The witnesses that Defendants presently intend to call in this case include, but are not limited to:

      1. LASD employees who participated in the processing of CCW applications.

      2. Expert witnesses on the United States's historical tradition of firearms regulation and licensing.

Defendants reserve the right to identify additional witnesses and to call any witness on plaintiff's list.

    d. *Defendant's Key Documents*

Defendants anticipate that the key documents in this case would include, but are not limited to: documents concerning LASD's CCW licensing program and documents concerning the United States's historical tradition of firearm regulation and licensing.

**5. Damages**

Plaintiff is not seeking monetary damages. Plaintiff is seeking only injunctive and declaratory relief.

**6. Insurance**

The Parties are unaware of any relevant insurance policies.

**7. Motions**

    a. *Procedural Motions*

The parties do not anticipate any procedural motions.

    b. *Dispositive Motions*

Plaintiffs anticipate filing a motion for summary judgment.

Defendants anticipate filing a motion for summary judgment or partial summary

judgment over Plaintiff's claims as to any issues identified in section (3) above.

**8. Manual for Complex Litigation**

The Parties do not believe the Manual for Complex Litigation should be utilized in this case.

**9. Discovery**

    *a. Status of Discovery*

On January 6, 2026, counsel for the Parties met and conferred as required under Fed. R. Civ. P. 26(f). Accordingly, under Rule 26(d)(1), discovery will now begin. The parties do not anticipate any discovery disputes. The Parties have agreed to a proposed discovery timeline for the Court's consideration, as set forth in the attached completed Schedule of Pretrial and Trial Dates Worksheet. This proposed schedule deviates from the Court's default schedule.

    *b. Discovery Plan*

The Parties are not proposing any changes to the initial disclosures under Fed. R. Civ. P. 26(a). The Parties do not believe discovery should be conducted in phases or be subject to any other special timing, form, procedures, or limitations but may request extensions when good cause is shown.

Plaintiff intends to conduct discovery on LASD's current processing times for issuing licenses to carry a firearm, contributing factors to LASD's delays, LASD's staffing levels for work related to issuing licenses to carry a firearm, requirements LASD imposes on applicants, LASD's decisions to deny or withdraw applications, and restrictions LASD places on applications to amend licenses. Other issues may present themselves as relevant or leading to admissible evidence during discovery.

Defendants intend to depose Plaintiff's witnesses, including any expert witnesses.

    *c. Discovery Cut-off*

The Parties propose a fact discovery cutoff date of September 2, 2026.

    *d. Expert Discovery*

The Parties propose an initial expert disclosure deadline of September 16, 2026,

an expert rebuttal disclosure deadline of October 14, 2026, and an expert discovery cutoff date of October 28, 2026.

   e. *Settlement Conference/Alternative Dispute Resolution (ADR)*

  The Parties have not engaged in settlement negotiations yet. The Court filed a Notice to Parties of Court-Directed ADR Program (Form ADR-08) on October 8, 2025. The Parties prefer to participate in a settlement conference with the Magistrate Judge.

   f. *Trial*

  Should this case go to trial, the Parties anticipate that four days will be sufficient. Defendants demanded a jury trial in their Answer. Plaintiff recognizes Defendants have preserved their right to a jury trial on issues triable of right by a jury. The Parties do not consent to trial before a magistrate judge.

  Counsel Andrew Darlington will be lead trial counsel for Plaintiff with Austin Fulk, Julie Hamill, and William Hanrahan assisting. Mark Selwyn will be lead trial counsel for Defendants, with Ryan Chabot, Katie Moran, and Joshua Vittor assisting.

   g. *Independent Expert or Master*

  The Parties do not believe an independent expert or master is necessary in this case.

   h. *Other Issues*

  The parties request an extension for and ask that the Scheduling Conference currently set for January 28, 2026, be set for either January 21, 2026, or February 4, 2026. Additionally, the parties request the Scheduling Conference to occur by phone. The parties will file a stipulation and proposed order regarding this request, pursuant to the standing order in this case (ECF No. 13).

DATED: January 14, 2026.     Respectfully submitted:

| | |
|---|---|
| BILAL A. ESSAYLI<br>First Assistant United States Attorney<br><br>*/s/ Julie A. Hamill*<br>JULIE A. HAMILL<br>Assistant United States Attorney<br>Civil Rights Section | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division<br><br>JESUS A. OSETE<br>Principal Deputy Assistant Attorney General<br><br>R. JONAS GEISSLER<br>Deputy Assistant Attorney General<br><br>   */s/ Andrew M. Darlington*<br>ANDREW M. DARLINGTON<br>Counsel<br><br>WILLIAM J. HANRAHAN<br>Trial Attorney, Special Litigation Section<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| */s/ Mark Selwyn*<br>MARK SELWYN<br>(CA Bar No. 244180)<br>Mark.Selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Road<br>Palo Alto, California 94306<br>Telephone: (650) 858-6031<br>Facsimile: (650) 858-6100<br><br>RYAN CHABOT<br>(Pro Hac Vice)<br>ryan.chabot@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 1007<br>Telephone: (212) 25-6513<br>Facsimile: (212) 230-8888 | JOSHUA VITTOR<br>(CA Bar No. 326221)<br>joshua.vittor@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5375<br>Facsimile: (213) 443-5400<br><br>KATHLEEN MORAN<br>(CA Bar No. 272041)<br>katie.moran@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Ave., Suite 2400<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5381<br>Facsimile: (213) 443-5400 |