HARMEET K. DHILLON
Assistant Attorney General

Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
Telephone: (202) 304-8447
barry.arrington@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and ROBERT LUNA, in his official capacity as Sheriff of Los Angeles County,,<br><br>Defendants. | Case No. 2:25-CV-09323-SPG-ADS<br><br>**SETTLEMENT AGREEMENT**<br><br>Honorable Sherilyn Peace Garnett<br>Action filed:  September 30, 2025 |

R. JONAS GEISSLER
Deputy Assistant Attorney General

BARRY K. ARRINGTON (TX No. 24129555)
Acting Chief, Second Amendment Section

PATRICK TODD (TX No. 24106513)
TRISTAN SILVA II (DC No. 90037513)
    Trial Attorneys
    Second Amendment Section
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C.  20530
    Telephone: (202) 304-8447

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
    United States Attorney's Office
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# I. **INTRODUCTION**

1.      The United States of America, LASD, and Robert Luna (collectively "the Parties") enter into this settlement agreement ("Agreement") with the goal of ensuring that firearms licensing services are delivered to the people of Los Angeles County in a manner that fully complies with the Constitution and laws of the United States.  For this reason, and noting the general principle that settlements are to be encouraged, particularly settlements between government entities, the Parties agree to implement this Agreement under the terms and conditions set forth herein.

2.      The United States filed the Civil Action pursuant to the authority granted to the DOJ under 34 U.S.C. § 12601 to seek declaratory or equitable relief to remedy an alleged pattern or practice of conduct by law enforcement officers that deprives individuals of rights, privileges, or immunities secured by the Constitution or federal law.

3.      The United States enters into this Agreement for the purpose of settling what would otherwise be protracted, costly, and burdensome litigation.  Nothing in this Agreement should be construed as an admission by the United States that any policy, practice procedure or statute is necessarily constitutional.  Except as expressly stated otherwise herein, the United States reserves all rights to bring an action challenging any policy, practice procedure or statute of any person or entity.

4.      Nothing in this Agreement will be construed as an acknowledgment, agreement, admission, statement, or evidence of liability of LASD, or any of its deputies or officials, under 34 U.S.C. § 12601.

## II. **DEFINITIONS**

5.      "CADOJ" means the California Department of Justice.

6.      "CCW" shall have the meaning set forth in Cal. Penal Code § 16360.

7.      "CCW Applicant" means a person who has submitted an application for issuance or renewal of a CCW License pursuant to Cal. Penal Code §§ 26150(a).

1

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

8. "CCW License" means a license issued or renewed pursuant to the licensing regime set forth in Cal. Penal Code §§ 26150, *et seq*.

9. "CCW Response Deadline" shall mean the time by which a licensing authority must give written notice to a CCW Applicant indicating if the CCW License is approved or denied set forth in Cal. Penal Code §§ 26205(a)(1).

10. "Civil Action" means *United States of America v. Los Angeles County Sherriff's Department, et al.*, Case No. 2:25-cv-9323, in the United States District Court for the Central District of California.

11. "County" means the County of Los Angeles.

12. "DOJ" means the United States Department of Justice's Civil Rights Division.

13. "Court" means the United States District Court for the Central District of California.

14. "Effective Date" means the day this Agreement is approved by the Court.

15. "LASD" means Los Angeles Sheriff's Department.

16. "Settlement Agreement" or "Agreement" means this document, filed as a part of the Civil Action.

17. "State" means the State of California.

## III. LICENSING PROCESS

18. The law of the State allows concealed carry of a weapon with a permit. Cal. Penal Code § 25300, *et seq*. California Penal Code section 26202 requires concealed carry permit licensing authorities to "determine whether [a CCW Applicant] is a disqualified person [who] cannot receive or renew a license" by "conduct[ing] an investigation that meets" a number of requirements. *Id*. § 26202(b)(1).

2

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

19. State law provides that an investigation shall include: (1) a review of all information provided in the application, (2) an in-person interview with the CCW Applicant, (3) interviews with at least three character references, (4) a review of publicly available information about the CCW Applicant, (5) a review of information provided by the CADOJ, and (6) a review of information in the California Restraining and Protective Order System. *Id.* § 26202(b). Cal. Penal Code § 26202(b) provides that the licensing authority may elect to forgo both the in-person applicant interview and character-reference interviews for renewal applications.

20. The licensing authority must "give written notice to the CCW Applicant of the licensing authority's initial determination . . . of whether an applicant is a disqualified person" under the statute "[w]ithin 90 days of receiving the completed application for a new license or a license renewal." Cal. Penal Code § 26202(d). Upon determining that the CCW Applicant is not a disqualified person under the statute, the licensing authority "shall inform the [CCW Applicant] to proceed" with the firearm training specified in Section 26165. *Id.* § 26202(d)(1)(A). Such firearm training is a prerequisite to issuance of a license. *Id.* § 26150(a)(4). The licensing authority must also, upon its initial determination, "submit the [CCW Applicant's] fingerprints or the renewal notification to the CADOJ in accordance with Section 26185." *Id.* § 26202(d)(1)(A).

21. State law requires the licensing authority to give written notice to the CCW Applicant indicating if the license is approved or denied by the CCW Response Deadline.

22. LASD has informed DOJ that its CCW application-review policy complies with the State statutory framework.

23. LASD also has informed DOJ that, absent situations not in LASD's control, LASD is in compliance with the CCW License application processing times

3

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

prescribed by State law, which representation is a material term of this Agreement. If this representation is false, it shall constitute a material breach of this Agreement.

24.    LASD represents and warrants that, absent situations not in LASD's control, it shall at all times be in compliance with the CCW License application processing times prescribed by State law.

25.    LASD shall at all times maintain and implement a CCW licensing regime that is consistent with *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022); *see, e.g., id.* at 39, n.9.

26.    The Parties agree that LASD shall deny CCW licenses to CCW Applicants who are not entitled to possess firearms under any federal law, including, but not limited to, 18 U.S.C. § 922(g).

## IV.  SELF-ASSESSMENT AND REPORTING

27.    Within 90 days of the Effective Date, LASD will file with the Court, with a copy to DOJ, a declaration that  will describe and demonstrate LASD's compliance with the CCW License application processing times and the steps taken by LASD to obtain and maintain compliance.

28.    For a period of four years after the Effective Date, LASD will publish publicly on its website statistics that report on the following information:

(a) The lowest, highest, and average number of days after LASD sent fingerprint images to CADOJ that CADOJ provided LASD with the information required under Cal. Penal Code § 26185(a)(2);

(b) The lowest, highest, and average number of days it took the LASD to provide CCW Applicants written notice if their CCW License applications have been approved or denied; and

(c) The number of complaints received and resolved during the reporting period regarding alleged delays of CCW Applicants' applications, if any.

4

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

29.	The Parties agree that DOJ is entitled to verify the information reported in LASD's statistics.  LASD shall maintain sufficient records to substantiate the information reported and shall make such records available to DOJ upon DOJ's request, and shall respond to inquiries from DOJ about such information, within 60 days of receiving DOJ's request and/or inquiry.  All non-public information obtained by DOJ shall be kept confidential, subject to obligations under federal records retention and transparency laws.

## V.  COURT JURISDICTION, MODIFICATION OF AGREEMENT, AND ENFORCEMENT

30.	The Parties agree jointly to file this Agreement with the Court in the Civil Action.  The joint motion shall request that the Court enter this Agreement pursuant to Federal Rule of Civil Procedure 41(a)(2), and remove the matter from the Court's active docket, while retaining jurisdiction to enforce this Agreement until final dismissal with prejudice under the terms of Section VI below.  The joint motion shall further request that the Civil Action be removed from the Court's active caseload until further application by the Parties or order of the Court.

31.	This Agreement will become effective upon the Effective Date.

32.	This Agreement resolves all of the United States' claims under 34 U.S.C. § 12601 against the defendants in the Civil Action.

33.	No prior drafts or prior contemporaneous communications, oral or written, will be relevant or admissible for the purposes of determining the meaning of any provisions herein in any litigation or other proceeding.

34.	This Agreement is binding upon all Parties hereto, by and through their officials, agents, employees, and successors.

35.	This Agreement is enforceable only by the Parties.  No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action, and accordingly, no person

5

SETTLEMENT AGREEMENT

*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

or entity may assert any claim or right as a beneficiary or protected class under this Agreement.

36.    Unless stated otherwise in this Agreement, if either party reasonable and in good faith disagrees with any aspect of the implementation of LASD's representations and obligations regarding its CCW license application processing set forth in paragraphs 22-29 above, that party will engage in good faith informal consultation with the other party to attempt to resolve the disagreement.    If reasonable, good-faith disagreement persists after such consultation, that party will, within ten days of the apparent impasse, inform the other Parties in writing of the fact of the disagreement.  Within 21 days thereafter, the Parties will meet and confer on the disagreement at a mutually agreeable time.    If necessary, any party may petition the Court thereafter to resolve the dispute pursuant to the provisions below.

37.    The United States reserves its right to seek enforcement of the provisions of this Agreement if it has reached a reasonable, good-faith determination that LASD has failed to fully comply with its representations and obligations regarding its CCW license application processing set forth in paragraphs 22-29 above.  The United States agrees to consult with officials from LASD before commencing enforcement proceedings related to LASD representations and obligations regarding its CCW license application processing set forth in paragraphs 22-29 above, and to provide reasonable, good-faith opportunity to cure consistent with the informal dispute resolution procedure set forth in the preceding paragraph.

38.    To ensure that the requirements of this Agreement are properly and timely implemented, the Court will retain jurisdiction of this action for all purposes until dismissed with prejudice.

39.    LASD and DOJ may jointly stipulate to make changes, modifications, and amendments to this Agreement.  The Parties may jointly move for approval of any proposed changes, modifications, and/or amendments, which will become

6

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

effective upon approval by the Court. No change, modification, or amendment to this Agreement will have any force or effect if not set forth in writing, signed by all the Parties to this Agreement, and approved by the Court.

40. The Parties agree to defend the provisions of this Agreement. The Parties shall notify each other of any court or administrative challenge to this Agreement. In the event any provision of this Agreement is challenged in any state, county, or municipal court, the Parties shall seek removal to federal court.

41. Nothing in this Agreement is intended to amend or supersede any provision of existing federal, state, or local law.

42. All Parties agree that, as of the date of execution of this Agreement, litigation is not "reasonably foreseeable" concerning the matters described in this Agreement. To the extent that either Party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Agreement, the Party is no longer required to maintain such a litigation hold.

## VI.  TERMINATION OF AGREEMENT

43. Four years after the Effective Date, this Agreement including LASD's reporting obligation will automatically terminate and the dismissal of this action shall become final and with prejudice, unless: (a) upon motion of either Party, the Court has ordered a different termination date, or (b) the Parties have jointly moved to modify the Agreement pursuant to Section V, and a motion for modification is still pending with the Court.

[*The remainder of this page intentionally left blank*]

7

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323

Respectfully submitted this ___13th___ day of August 2026.

For the UNITED STATES OF AMERICA

/s/
Barry Arrington
Acting Chief
Second Amendment Section

_____

For the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and ROBERT LUNA

/s/
RYAN CHABOT (pro hac vice)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6513
Facsimile: (212) 230-8888

MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

JOSHUA VITTOR (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
SIMON KRESS (CA Bar No. 360898)
simon.kress@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP

8

350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

SO ORDERED this _____ day of _____, 2026

_____
UNITED STATES DISTRICT JUDGE

SETTLEMENT AGREEMENT
*United States v. Los Angeles County Sheriff's Dep't*, No. 2:25-cv-09323