Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6031
Fax: (650) 858-6100

*Attorney for Defendants*
*Los Angeles County Sheriff's Department*
*and Sheriff Robert Luna*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and ROBERT LUNA, in his official capacity as Sheriff of Los Angeles County<br><br>Defendants. | Case No. 2:25-cv-09323-SPG-ADS<br><br>**DECLARATION OF LIEUTENANT JORGE MARCHENA PURSUANT TO SETTLEMENT AGREEMENT**<br><br>Judge: Hon. Sherilyn Peace Garnett |

RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6513
Fax: (212) 230-8888

KATHLEEN MORAN (SBN 272041)
katie.moran@wilmerhale.com
JOSHUA VITTOR (SBN 326221)
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

I, Lieutenant Jorge Marchena, declare:

1. I am a Lieutenant in the Conceal Carry Weapon (CCW) Unit of the Los Angeles County Sheriff's Department (LASD).

2. I am providing this declaration, pursuant to the Settlement Agreement (ECF No. 37), Paragraph 27, attesting to and describing LASD's current compliance with the statutory requirements for reviewing CCW permit applications and the steps taken by LASD to obtain and maintain compliance.

3. As a Lieutenant, under the authority of the Undersheriff, I oversee the CCW application process, detailed below.

4. California law prohibits the open carry of a firearm, but allows concealed carry of a weapon with a permit. Cal. Penal Code § 25300, et seq. The minimum requirements for permit-issuing authorities are prescribed by law. *Id.* § 26150, et seq. California Penal Code section 26202 requires concealed carry permit licensing authorities to "determine whether an applicant [for a license to carry a concealed firearm] is a disqualified person [who] cannot receive or renew a license" by "conduct[ing] an investigation that meets" several requirements, including "[a]n in-person interview with the applicant" for new applicants. *Id.* § 26202(b)(1). That investigation must, at a minimum, include (1) a review of all information provided in the application, (2) an in-person interview with the applicant, (3) interviews with at least three character references, (4) a review of publicly available information about the applicant, (5) a review of information provided by the Department of Justice, and (6) a review of information in the California Restraining and Protective Order System. *Id.* § 26202(b).[1] The licensing authority may also engage in investigative efforts in addition to these minimum requirements. *Id.* § 26202(c).

[1] Cal. Penal Code § 26202(b) provides that the licensing authority may elect to forgo both the in-person applicant interview and character-reference interviews for renewal applications.

5. Based on that investigation, the licensing authority must "give written notice to the applicant of the licensing authority's initial determination … of whether an applicant is a disqualified person" under the statute "[w]ithin 90 days of receiving the completed application for a new license or a license renewal." Cal. Penal Code § 26202(d). Upon determining that the applicant is not a disqualified person under the statute, the licensing authority "shall inform the applicant to proceed" with the firearm training specified in Section 26165. *Id.* § 26202(d)(1)(A). Such firearm training is a prerequisite to issuance of a license. *Id.* § 26150(a)(4). The licensing authority must also, upon its initial determination, "submit the applicant's fingerprints or the renewal notification to the Department of Justice in accordance with Section 26185." *Id.* § 26202(d)(1)(A).

6. California Penal Code section 26205(a) requires the licensing authority to "give written notice to the [CCW] applicant indicating if the license under this chapter is approved or denied … within 120 days of receiving the completed application for a new license, or 30 days after receipt of the information and report from the Department of Justice … , whichever is later."

7. LASD's CCW application review policy tracks this statutory framework. The review process includes, but is not limited to, the following. First, an applicant's application materials are reviewed by a deputy at the CCW unit, where the deputy will check if the application is complete and will follow up with the applicant for any additional information or materials needed, including a live scan. Second, the deputy will review the application to decide whether there are any notable concerns with the applicant's eligibility, which may necessitate requesting investigative or police reports from the relevant agencies or using the California Restraining and Protective Order System to determine if an applicant is the subject of a restraining order. Third, the deputy will conduct an in-person

interview with the applicant and call the applicant's character references.[2] Fourth, the deputy recommends to a sergeant in the CCW unit whether the application should be granted or denied.

8. Upon the deputy's recommendation, the sergeant will carefully review the entire application, along with the deputy's interview notes and recommendations. The sergeant may choose to conduct additional investigation into the applicant. The sergeant then decides whether to recommend approving or denying the application.

9. If the sergeant recommends approval, the applicant is approved under the authority of the Undersheriff, and LASD will notify the applicant to complete the mandatory firearm training before a license can be issued.

10. If the sergeant recommends denial, a lieutenant will review the sergeant's recommendation and make a final determination on the outcome of the application under the authority of the Undersheriff. A written notice will then be sent to the applicant regarding the decision.

11. The permit review and issuance process could be delayed by several factors outside of LASD's control. For example, the statutorily required background checks conducted by the California Department of Justice may take longer than anticipated to complete. Applicants may also request rescheduling of their in-person interviews due to conflicts, or they may delay completion of the mandatory firearms training, causing further delay in their license issuance.

12. Absent situations not in LASD's control, such as those described in paragraph 11, LASD is in compliance with the processing times prescribed by California Penal Code sections 26202(d) and 26205(a).

---

[2] As permitted by statute, LASD currently elects to forego both the in-person applicant interview and character-reference interviews for renewal applications.

13. LASD's compliance reflects a sustained, multi-year effort to reduce CCW processing times and the application backlog following the Supreme Court's June 2022 decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). That decision significantly changed the CCW landscape in California. Before *Bruen*, applicants for CCW permits were required to show "good cause" for their need to carry a concealed weapon in public. Cal. Penal Code §§ 26150(a), 26155(a). During this time, the LASD CCW Unit received relatively few CCW permit applications. After *Bruen*, which resulted in the elimination of California's "good cause" requirement, LASD experienced a dramatic and sustained increase in the number of CCW applications. In the first six months following the decision, LASD received approximately 1,000 to 1,200 CCW applications per month—a level that LASD had never previously experienced.

14. Around the time of the *Bruen* decision, LASD received all applications for CCWs from all residents residing in the LA county by hard copy, which LASD employees then manually entered into LASD's online system. That was a time- and labor-intensive process. LASD investigators were often required to follow up with these applicants to obtain further documentation and information, which caused additional delays. A CCW deputy could process only approximately 20 to 30 applications per week. As a result, a backlog of applications formed. By February 2024, nearly 10,000 applications awaited processing.

15. To meet the challenges posed by this unprecedented increase, LASD has engaged in a focused effort to improve its processing times and to overcome this backlog of applications. As of May 22, 2023, LASD launched its automated application system, Permitium, which allowed CCW applicants to apply directly online and eliminated the need for LASD employees to spend time inputting new applications into the system. As of August 2022, LASD began limiting first-time applicants to residents residing within LASD's contract cities and LASD's

unincorporated communities, which decreased the number of applications sent to LASD monthly. As of June 2024, LASD had received multiple additional investigators. As of March 2025, LASD markedly increased the number of daily interview slots. As of November 2025, LASD had also secured additional permanent staff. LASD has also introduced larger capacity printers and increased issuance staff's work hours.

16. These improvements have enabled LASD to make significant progress in expediting the processing timelines. For example, as reflected on the CCW Unit website (https://lasd.org/ccw/), between January 1, 2025 and February 28, 2026, LASD received 8,582 applications; during this same period, it issued 10,868 licenses. In February of 2026 alone, LASD issued approximately three times as many licenses (1,560) as applications received (483).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2026.

[signature]

Lieutenant Jorge Marchena